UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>NETEASE, INC.,<br><br>        Defendant. | Case No. 19-cv-01852-VC<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION FOR RULE 11 SANCTIONS**<br><br>Re: Dkt. Nos. 18, 20 |

1. The motion to dismiss is denied. Grecco alleges numerous contacts between Netease and the United States:

- Millions of users in the United States access Netease's websites;
- Netease contracted with a California-based company that operates servers throughout the United States to enable U.S. users to access the sites;
- Netease employs a California-based wholly owned subsidiary, Netease IT, to conduct U.S. market research and curate content for its websites;
- Netease is registered to conduct business in the State of Delaware;
- Netease is listed on the NASDAQ Global Select Market in New York; and
- Netease maintains an investor relations contact in New York.

In the aggregate, these contacts are sufficient to establish personal jurisdiction in the United States, and Grecco has plausibly alleged that the infringing conduct arises from them. Because Grecco's claims arise under federal copyright law, because the defendant fails to indicate a state in which personal jurisdiction would be appropriate, and because the exercise of personal jurisdiction would comport with due process, there is jurisdiction under Federal Rule of

Civil Procedure 4(k)(2). *See Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1072 (9th Cir. 2017).

Netease makes several arguments that the various individual contacts, on their own, are insufficient to establish personal jurisdiction. For example, neither a passive website that is accessible in the United States, nor the fact that Netease is listed on a New York stock exchange is sufficient, on its own, to establish personal jurisdiction. Even where true, however, Netease fails to explain why these contacts, together, plus the others mentioned above, are insufficient in the aggregate. *See Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011); *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000). Netease also makes much of the fact that the activity of a wholly-owned subsidiary in the United States is not, on its own, attributable to the corporate parent. Again, it's not clear Grecco needs this single contact to establish personal jurisdiction, but even if it did, Grecco does more than simply rely on the corporate structure of parent and subsidiary to establish a contact – the Complaint alleges that Netease and Netease IT worked together to curate American content that, allegedly, included Grecco's works. *See Axiom Foods*, 874 F.3d at 1071 n.5.

2. The motion to dismiss for failure to state a claim for copyright infringement is denied. Grecco's photographs were allegedly copied on United States-based servers and disseminated to users here, thereby giving rise to a claim of direct infringement. *Cf. Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1145-46 (N.D. Cal. 2011). And even if Netease were not directly responsible for that infringement, the allegations of coordination between Netease and its America-based subsidiary state a claim for secondary infringement liability.

3. Netease's motion for sanctions is denied.

**IT IS SO ORDERED.**

Dated: July 3, 2019

_____
VINCE CHHABRIA
United States District Judge